CHINN vs. STOUT.

A widow having elected to take the personal estate which came to her husband by means of the marriage, under the 3rd section of the act concerning dower, in lieu of her dower, cannot have the real estate of her husband sold to pay his debts, so as to exempt the personal estate thus selected by her.

## APPEAL from Monroe Circuit Court.

HOWELL, *for Appellant, insists:*

1. The object of the last clause of the third section of the dower act, is, that when there is no issue of the last marriage, and the marriage relation is dissolved by the death of the husband, the wife shall occupy, if she so desire, a more eligible position in regard to the property she brought into the marriage, than where there is issue, and the act should be liberally construed to carry out said intent of the Legislature.

2. The election by the widow, as in this case, is, and should be, looked upon as a sale by the widow of her dower in the estate of her husband, and the consideration by her given for it is no less than the one-third of the real estate of her husband for her life; the right to remain in the dwelling house, and the plantation thereto adjoining, free of charge, till her dower is assigned; the 200 dollars allowed to widows free from the claims of creditors, and other property allowed. her by the administration act, &c., &c.; none of which is liable to creditors, but goes to their benefit, and to the benefit of the heirs of the husband, by her election to take the property which remains, that came to the husband by her.

3. After an election by the widow, as in this case, the two estates previously united by means of the marriage, again become separative, having no claims the one upon the other.

4. The two estates becoming so separative, the wife's estate, withdrawn by her election and at the price of her dower in her husband's estate, can only be disturbed by *creditors* of the husband, and by them only after they have first exhausted his estate, real as well as personal.

5. The property taken by the widow is only the remaining property which was brought into the marriage by her. It is property which has received no benefit from the debts of the husband. It is property which was not purchased with the debts which the husband owes; as, in this case, one of the largest debts owing by the estate, as the record shows, is a debt which accrued for the purchase of a part of the identical land which is asked to be sold for the payment of that and other debts.

6. This is not a contest between the widow and the creditors of the husband, but between her and the heirs of the husband, as to which fund should be first taken for the payment of the debts.

7. The rights surrendered by the widow, in this case, as in most other cases they will be, were valuable, and the heirs of the husband have had the benefit of them, in their application to the payment of the debts, and now to take her property for the payment of the debts, and in exoneration of the land, without indemnifying her in any way for the rights so by her surrendered, for the privilege of taking back her remaining property, would be grossly unjust, and could not have been intended by the Legislature.

To hold that the property so taken by the widow must be sold before the husband's lands, for the payment of his debts, would be virtually repealing the third section of the dower act, or driving it out of use, as the widow is required to make her election in six months, and creditors have

three years to prove up their debts; and as it is not unfrequently the case that the bulk of the husband's estate consists in land, and the wife's in negroes and other personal property.

But if the widow's property so taken can be made subject to the debts before the land is exhausted, it should only be in a rate of contribution with the land in proportion to value.

The objection in the County Court to the making of the order for the sale of the land, does not appear to be made by any person having any interest in the estate, or representing any person having an interest.

The objection to the order of the County Court for the sale of the land, is not made in the name of Alexander Chinn's heirs, nor does it any where appear that Stout, the appellee, is the guardian of the infant children of said Alexander Chinn.

WILLIAMS, *for Appellee, insists:*

That the judgment of the Circuit Court is right, and ought to be affirmed,

1. Because the real estate of a deceased person cannot be sold for the payment of debts until all the personal estate shall have been disposed of for that purpose first, except by substitute or by order of the court.  See Mo. Stat., p. 52, secs. 8, 14.

2. That when the husband shall die, having children by a former marriage but no child by his last wife, his widow may, in lieu of dower, elect to take, in addition to her real estate, the slaves and other personal property, in possession of her husband at the time of his death, that came to the husband in right of the wife by means of the marriage; but she takes the personal property, subject to the payment of the husband's debts.  See Mo. Stat., (Dower) p. 228, sec. 3.

SCOTT, J., *delivered the opinion of the Court.*

Alexander Chinn was twice married, and died in 1838 or '9, leaving children by his former, but none by his last wife, Mary Chinn, the appellant.  By his last will and testament, he made a provision for the appellant, which she, in conformity to law, renounced, and elected to take her dower, under the third subdivision of the third section of the act concerning dower, R. C. 1835.  No executor being named in the will, administration, with the will annexed, was committed to Mary Chinn, the appellant.  The personal property remaining to the estate, after that taken by the appellant, as above stated, in lieu of the provision made for her by the will and of her dower, being insufficient to satisfy the debts due by her deceased husband, instead of selling the slaves and personal property taken by her, as above stated, for that purpose, she applied to the County Court for a sale of the real estate.  The County Court made an order of sale, and, on an appeal to the Circuit Court, that order was reversed, and the cause is brought here.

The question in the case is, whether the personal property and slaves given by the third subdivision of the third section of the act concerning dower are to be freed from the payment of the debts until the real estate

of the deceased is exhausted, or whether, like other personal estate, they are first to be applied to that purpose, before his land can be subjected to the liability.

The subdivision referred to enacts, that when a husband shall die leaving a child or descendant, but not by his last marriage, his widow may, in lieu of dower, elect to take, in addition to her real estate, the slaves and other personal property, in possession of the husband, that came to him in right of the wife by means of the marriage. The fourth section of the act provides that this provision shall be subject to the payment of the husband's debts.

The common law being the foundation of all our legislation, statutes must be construed in reference to it. It is a well settled principle at common law, that the personal estate is the proper fund to pay debts and legacies, and in general is first to be applied, though the real estate may be charged. Lapton vs. Lapton, 2 J. C., 627. Indeed, this principle, though not expressly declared, is clearly deduced from the provisions of our code. In Stokes vs. O'Fallon, 2 Mo. R., it was held that the personal estate was the primary fund for the payment of debts, and that when a widow took a portion of the personal estate as her dower, subject to the payment of debts, the real estate could not be applied in exoneration of the personalty. The slaves taken by the appellant, under her election, originally belonged to her, but by the marriage they became the absolute property of the husband. If she afterwards elected to take them as her dower, and took them subject to the payment of debts, and as they were the primary fund for the payment of debts, it is hard to discover any ground on which she can base her right to withhold them from the burden to which they are subjected by law, and resort to the land for the payment of the debts.

The law has made one general provision for all widows. It has placed them all on the same footing as to dower, and if there is any inequality in their condition, it is owing to the fortunes of their husbands, and not to the law. Under particular circumstances, it is permitted to widows to renounce this general provision, and to take another kind of dower.— This is not obligatory on them. It is their own voluntary act, and if it should afterwards turn out that their election was not as wise as was expected, they can complain of none but themselves. Ample time is allowed them to make their election.

Judge McBride concurring, the judgment will be affirmed.